B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court

For the District of Puerto Rico

| | |
|---|---|
| LAURIE L. MORRISON | Case No. 16-09234 (ESL) |
| Debtor | |
| | Small Business Case under Chapter 11 |
| _____ | |

ESTATE OF LAURIE L. MORRISON

PLAN OF REORGANIZATION,

June 6, 2017

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **LAURIE L. MORRISON** (the "Debtor") from operating income and disposition of excess assets.

This Plan provides for four classes of unsecured claims, and two classes of secured claims. Unsecured creditors holding allowed claims will receive distributions, between 5 to 100 cents on the dollar. This Plan also provides for the payment of administrative claims in full on or before the effective date of the Plan and priority claims in a period of three years from the effective date of the Plan.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

B25A (Official Form 25A) (12/11)

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Unclassified:** Certain types of claims are automatically entitled to specific treatment under the Code, they are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has not placed the following claims in any class:

      Administrative claims

      Priority tax claims

Administrative expenses are costs and expenses of administering the Debtor's Chapter 11 case post-petition. The Code requires that all administrative expenses be paid according to the terms agreed with each professional or service provider, or as they may be approved by the Court and not later than the effective date of the Plan.

The following list explains the Debtor's estimated administrative expenses, and their estimated amount owed under the Plan:

    Expenses Arising in the Ordinary Course of Business After the Petition Date amounted to $1,000.00.

    Professional Fees, as approved by the Court estimated at $40,000.00

    Clerk's Office Fees, estimated at $250.00.

    Office of the US Trustee Fees, estimated at $650.00.

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a §507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in equal monthly installments paid over a period not exceeding 5 years from the order of relief. There are no priority tax claims under §507(a)(8) in this case.

**2.02 Classified claims:**

Class 1 - Claim by Capital One. This claim was scheduled at $1,464,000.00 as disputed and is not related to an insider. Collateral for this claim was listed as a first lien on real property in Washington DC with an estimated value of $1,133,690.00. This claim is impaired. No proof of claim was filed.

B25A (Official Form 25A) (12/11)

Class 2 – Claim by Wilmington Trust, NA  This claim was scheduled at $1,407,900.00 as disputed and is not related to an insider. Collateral for this claim was listed as a first lien on real property in the State of Maryland, USA, with an estimated value of $867,530.00. This claim is impaired. Proof of claim No 1 was filed and has been objected by Debtor.

Class 3 - Claim by Nationstar Mortgage, LLC.  This claim was scheduled for $350,000.00 as disputed and is not related to an insider. Collateral for this claim was listed as a second lien on real property in Washington, DC with no equity.  This claim is impaired. No proof of claim was filed.

Class 4 - Claim by Nationstar Mortgage, LLC.  This claim was scheduled for $327,070.00 as disputed and is not related to an insider. Collateral for this claim was listed as a second lien on real property in the State of Maryland with no equity.  This claim is impaired. No proof of claim was filed.

Class 5- General unsecured claims were scheduled in the aggregate amount of $1,555,250.00 (including the unsecured portion of the secured debts). Members of this Class include Montgomery County, Maryland, which, upon information and belief, has a claim in the amount of $7,500.00 for County fees and charges.

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims:

Administrative Expense Claims.  Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full upon approval of the Court or on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Ordinary course amounts due to post petition suppliers will be paid as agreed upon with creditors and all amounts due and payable will be paid on the effective date of the plan.

Priority Tax Claims.  The holder of a priority tax claim will be paid within 36 months from the effective date with interest at the annual rate of 4%, commencing 30 days after the effective date. Monthly payment will be $130.74.

United States Trustee Fees and Court costs.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U. S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

B25A (Official Form 25A) (12/11)

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

Class 1 - This Claim was notified as "disputed" in the original Petition.  Nonetheless, the creditor did not file a Proof of Claim; it is thereby deemed to be extinguished as explained herein. No treatment or payment included under this plan.

Creditors whose claims are scheduled, but are not scheduled as disputed, contingent or unliquidated, are automatically deemed to have filed a proof of claim.  Section1111(a) states: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Consistent with § 1111(a), Bankr. Rule 3003 provides both that the schedule of liabilities in a Chapter 11 case is "prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated"; and that while any creditor may file a proof of claim within the time set by the court, only a "creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated" <u>must</u> file a proof of claim within the time set by the court. Bankr. Rule 3003(b)(1), (c)(1), and (c)(2).

Here, disallowance of this Claim is proper when considering that same was clearly listed as "disputed" in the original Petition, yet the creditor failed to file any Proof of Claim, with the Bar Date having long past.

The determinative factor here is that the ability to file a timely Proof of Claim was within the reasonable control of this creditor.  The original notice of the 341 creditor's meeting provided to this creditor when the Petition was filed contains unambiguous terms as to the provisions of Bankr. Rule 3003 set out above and the need to file a Proof of Claim if a claim is listed as "disputed" in the Petition. Further, this creditor appeared in this matter formally on December 7, 2016 at docket no. 13, months before the passage of the Bar Date.  It must not be ignored that this creditor was represented by sophisticated counsel in the pre-petition foreclosure litigation, and that said counsel has been aware of the instant bankruptcy proceedings as they were contacted directly at the original filing and ceased activity in said litigation. Despite this, no Proof of Claim was filed.  There is no dispute that this creditor was notified of the proceedings and its duty to file its Proof of Claim.  Hence, there exists no "excusable neglect" to justify this creditor's inaction.   <u>See</u>, <u>In re Enterlife Ambulance Corp.</u>, 2010 WL 1508296 at pages 3-4 (Bankr. D. P.R 2010). (providing detailed discussion of the duty of a Chapter 11 creditor to file a Proof of Claim when said Claim is put into doubt by the debtor and classified as "disputed" in the Petition).

Class 2 - This claim was objected to at dkt #53 and it is expected to be disallowed. No treatment or payment included under this plan.

126609002\00294847.v1

B25A (Official Form 25A) (12/11)

Class 3 - This Claim was notified as "disputed" in the original Petition. Nonetheless, the creditor did not file a Proof of Claim; it is thereby deemed to be extinguished as explained herein. No treatment or payment included under this plan.

Creditors whose claims are scheduled, but are not scheduled as disputed, contingent or unliquidated, are automatically deemed to have filed a proof of claim. Section1111(a) states: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Consistent with § 1111(a), Bankr. Rule 3003 provides both that the schedule of liabilities in a Chapter 11 case is "prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated"; and that while any creditor may file a proof of claim within the time set by the court, only a "creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated" <u>must</u> file a proof of claim within the time set by the court. Bankr. Rule 3003(b)(1), (c)(1), and (c)(2).

Here, disallowance of this Claim is proper when considering that same was clearly listed as "disputed" in the original Petition, yet the creditor failed to file any Proof of Claim, with the Bar Date having long past.

The determinative factor here is that the ability to file a timely Proof of Claim was within the reasonable control of this creditor. The original notice of the 341 creditor's meeting provided to this creditor when the Petition was filed contains unambiguous terms as to the provisions of Bankr. Rule 3003 set out above and the need to file a Proof of Claim if a claim is listed as "disputed" in the Petition. Further, this creditor appeared in this matter formally at Claim No. 1 filed on January 23, 2017, months before the passage of the Bar Date. <u>See</u>, Claims Registry Claim 1. A review of this Claim reveals that the postal address requested by the creditor for notice in these proceedings and the postal address included in the creditor address notification matrix match: P.O. Box 619096, Dallas, TX 75261-9741.

There is no dispute that it was notified of the proceedings and its duty to file its Proof of Claim. Hence, there exists no "excusable neglect" to justify this creditor's inaction. <u>See</u>, <u>In re Enterlife Ambulance Corp.</u>, 2010 WL 1508296 at pages 3-4 (Bankr. D. P.R 2010). (providing detailed discussion of the duty of a Chapter 11 creditor to file a Proof of Claim when said Claim is put into doubt by the debtor and classified as "disputed" in the Petition).

Class 4 – This Claim was notified as "disputed" in the original Petition. Nonetheless, the creditor did not file a Proof of Claim; it is thereby deemed to be extinguished as explained herein. No treatment or payment included under this plan.

Creditors whose claims are scheduled, but are not scheduled as disputed, contingent or unliquidated, are automatically deemed to have filed a proof of claim. Section1111(a) states: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed,

B25A (Official Form 25A) (12/11)

contingent, or unliquidated." Consistent with § 1111(a), Bankr. Rule 3003 provides both that the schedule of liabilities in a Chapter 11 case is "prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated"; and that while any creditor may file a proof of claim within the time set by the court, only a "creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed , contingent, or unliquidated" **must** file a proof of claim within the time set by the court. Bankr. Rule 3003(b)(1), (c)(1), and (c)(2).

Here, disallowance of this Claim is proper when considering that same was clearly listed as "disputed" in the original Petition, yet the creditor failed to file any Proof of Claim, with the Bar Date having long past.

The determinative factor here is that the ability to file a timely Proof of Claim was within the reasonable control of this creditor.  The original notice of the 341 creditor's meeting provided to this creditor when the Petition was filed contains unambiguous terms as to the provisions of Bankr.Rule 3003 set out above and the need to file a Proof of Claim if a claim is listed as "disputed" in the Petition. Further, this creditor appeared in this matter formally at Claim No. 1 filed on January 23, 2017, months before the passage of the Bar Date.  See, Claims Registry Claim 1.  A review of this Claim reveals that the postal address requested by the creditor for notice in these proceedings and the postal address included in the creditor address notification matrix match: P.O. Box 619096, Dallas, TX 75261-9741.

There is no dispute that it was notified of the proceedings and its duty to file its Proof of Claim.  Hence, there exists no "excusable neglect" to justify this creditor's inaction.   See, In re Enterlife Ambulance Corp., 2010 WL 1508296 at pages 3-4 (Bankr. D. P.R 2010). (providing detailed discussion of the duty of a Chapter 11 creditor to file a Proof of Claim when said Claim is put into doubt by the debtor and classified as "disputed" in the Petition

Class 5 - These particular Claims were notified as "disputed" in the original Petition. Nonetheless, the creditors did not file Proofs of Claims; they are thereby deemed to be extinguished as explained herein. No treatment or payment included under this plan. Also, on this Class are the unsecured portions of the secured debts of Capital One, N.A. and Wilmington Trust, N.A. Their debts were notified as "disputed" in the original Petition. Capital One, N.A. and Wilmington Trust, N.A. did not file Proof of Claims for their unsecured portions, however.

Creditors whose claims are scheduled, but are not scheduled as disputed, contingent or unliquidated, are automatically deemed to have filed a proof of claim. Section1111(a) states: "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." Consistent with § 1111(a), Bankr. Rule 3003 provides both that the schedule of liabilities in a Chapter 11 case is "prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated"; and that while any creditor may file a proof of claim within the time set by

B25A (Official Form 25A) (12/11)

the court, only a "creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated" **must** file a proof of claim within the time set by the court. Bankr. Rule 3003(b)(1), (c)(1), and (c)(2).

Here, disallowance of this Claim is proper when considering that same was clearly listed as "disputed" in the original Petition, yet the creditor failed to file any Proof of Claim, with the Bar Date having long past. The determinative factor here is that the ability to file a timely Proof of Claim was within the reasonable control of this creditor. The original notice of the 341 creditor's meeting provided to this creditor when the Petition was filed contains unambiguous terms as to the provisions of Bankr. Rule 3003 set out above and the need to file a Proof of Claim if a claim is listed as "disputed" in the Petition. Capital One, N.A. appeared in this matter formally on December 7, 2016 at docket no. 13, months before the passage of the Bar Date. It must not be ignored that this creditor was represented by sophisticated counsel in the pre-petition foreclosure litigation, and that said counsel has been aware of the instant bankruptcy proceedings as they were contacted directly at the original filing and ceased activity in said litigation. Wilmington Trust, N.A. filed a Proof of Claim only as to its secured portion, which we objected to at Docket No. 54. As for Montgomery County, no return notification has been received from the postal service and the postal address in the original creditor matrix is valid.

There is no dispute that these creditors were notified of the proceedings and their duty to file their Proofs of Claims. Hence, there exists no "excusable neglect" to justify their inaction. See, In re Enterlife Ambulance Corp., 2010 WL 1508296 at pages 3-4 (Bankr. D. P.R 2010). (providing detailed discussion of the duty of a Chapter 11 creditor to file a Proof of Claim when said Claim is put into doubt by the debtor and classified as "disputed" in the Petition). No amount is expected to be allowed.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claims. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

B25A (Official Form 25A) (12/11)

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

   (a) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

1. *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

   a) Cash available at the effective date of the plan
   b) Collection of rents receivable
   c) Future income from rents of the two properties.
   d) Future income from Social security
   e) Collection of inheritance
   f) Collection of court judgment for back rent owed

2. *Post-confirmation Management*

Debtor will continue to manage her own affairs with the assistance of her approved real estate management company, financial advisor and counsel.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined of construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02   Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen (14) days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date in which the stay of confirmation order expires or is otherwise terminated.

126609002\00294847.v1

B25A (Official Form 25A) (12/11)

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained on this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code of the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141 (d) (5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X
## CONFIRMATION REQUIREMENTS AND PROCEDURES

10.01 Confirmation Requirements. To be confirmed, the Plan must meet the requirements listed in §1129(a) or (b) of the Code. These include, among other things, that the Plan be proposed in good faith; that at least one impaired class votes to accept the plan; that the Plan distributes to each creditor at least as much as it would receive in a chapter 7 liquidation case; and that the Plan be economically feasible.

10.02 Voting Generally.   A creditor has a right to vote for or against the Plan only if it holds a claim that is both (1) allowed for voting purposes and (2) impaired. Generally, a claim is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim, unless an objection has been filed to such proof of claim. When a claim is not allowed, the creditor holder holding the claim cannot

126609002\00294847.v1

B25A (Official Form 25A) (12/11)

vote unless the Court, after notice and hearing, either overrules the objection or allows the claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

10.03  As provided in §1124 of the Code, a Class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

10.04  <u>Classes with the Right to Vote</u>. Under this Plan, Classes 3, 4, 5 & 6 are impaired and therefore the holders of claims in each of these classes are entitled to vote to accept or reject the Plan.

10.05  <u>Multiple Voting Rights</u>. A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

10.06  <u>Votes Necessary for a Class to Accept Plan</u>. A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

10.07  <u>Votes Necessary to Confirm the Plan</u>. If impaired classes exist, the Court cannot confirm the Plan unless (1) all impaired classes have voted to accept the Plan, or (2) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class.

10.08  <u>Treatment of Non-Accepting Classes</u>. Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan under 11 USC 1129(b). A plan that binds non-accepting classes is commonly referred to as a cram down plan. The Code allows the Plan to be crammed down if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan. You should consult your own attorney if a cram down confirmation will affect your claim, as the variations on this general rule are numerous and complex.

ARTICLE XI
<u>CONDITIONS PRECEDENT TO CONFIRMATION</u>

It is hereby provided that, as condition precedent to the confirmation of this Plan, the Bankruptcy Court must, after notice and a hearing, determine the following:

11.01 That the Plan has been accepted in writing by the claim holders whose acceptance

126609002\00294847.v1

B25A (Official Form 25A) (12/11)

is required by law;

11.02 That the provisions of Chapter 11 of the Bankruptcy Code have been complied with, and the Plan has been proposed in good faith, and not by any means forbidden by law;

11.03 That each holder of a general unsecured claim required to vote has accepted the Plan, or will receive or retain property of a value, as of the effective date, that is not less than the amount such holder would receive if the Debtor were liquidated under Chapter 7;

11.04 That the Plan does not discriminate unfairly, and is fair and equitable with respect to each Classes of Claims impaired under the Plan;

11.05 That all payments made or promised by the Debtor for services, costs or expenses in connection with this case have been fully disclosed to the Court and are reasonable, or will be fixed after confirmation, subject to Court approval; and

11.06 That the identity, qualification, and affiliation of all officers, directors, and insiders retained by the Reorganized Debtor, and their compensation, if any, has been fully disclosed, and that their continuance is such positions is consistent with the best interests of all parties.

## ARTICLE XII
## EFFECT OF CONFIRMATION OF PLAN

12.01 <u>Discharge of the Debtor</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

12.02 <u>Modification of the Plan</u>. The Plan Proponents may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan. The Plan Proponents may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

12.03 <u>Final Decree</u>. Once the Estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponents, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

B25A (Official Form 25A) (12/11)

## ARTICLE XIII.
## CONDITIONS PRECEDENT TO CONSUMATION

13.03  It is hereby provided that, as a condition precedent to the consummation of this Plan, the Confirmation Order must be final, and that all transactions and required payments have been effected.

## XIII.
## RETENTION OF JURISDICTION

14.01  The Bankruptcy Court shall retain jurisdiction of the case pursuant to 11 USC 1123, 1127 and 1142, to determine the allowance of claims and compensation; to authorize the filing of objections to the allowance of claims; to determine all controversies arising from claims of preferences or other voidable transfers; to determine motions for rejection or assumption of executory contracts and to pass upon claims resulting therefrom; to determine any disputes as to the classification or allowance of claims or interests; to hear or determine any adversary proceeding or contested matter commenced prior to or after confirmation; to enforce the provisions of the Plan; to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the order confirming the Plan as may be necessary to carry out the purposes and intent thereof; and in respect of such other matters as may be set forth in the Order of Confirmation or as may be authorized underlaw.

## UNSWORN STATEMENT

I, the DEBTOR, do hereby state under the pains and penalties of perjury that the information included in the foregoing Small Business Plan, is true and accurate to the best of my knowledge and belief, and that the same has proposed in good faith and in compliance with all applicable provisions of the Bankruptcy Code.

Dated: June 6, 2017                                                      Counsel for the Debtor


S/ Laurie M. Morrison                                                    S/Paul J. Hammer, Esq.

100 Ocean Drive                                                          USDC-PR 228306
Apartment 153                                                            P.O. Box 9023509
Humacao, PR 00791                                                        San Juan, Puerto Rico 00902

126609002\00294847.v1